**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

ANDREW KWADWO YEBOAH,
             *Petitioner,*

v.                                          No. 02-2119

JOHN ASHCROFT, Attorney General,
             *Respondent.*

On Petition for Review of an Order of the
Board of Immigration Appeals.
(A70-674-763)

Submitted: June 10, 2003

Decided: July 11, 2003

Before WILLIAMS, MOTZ, and SHEDD, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

## COUNSEL

Donald L. Schlemmer, Washington, D.C., for Petitioner. Robert D. McCallum, Jr., Assistant Attorney General, David V. Bernal, Assistant Director, Jamie M. Dowd, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Andrew Kwadwo Yeboah, a native and citizen of Ghana, petitions for review of an order of the Board of Immigration Appeals ("Board"). The order affirmed, without opinion, the immigration judge's amended decision and order denying Yeboah's applications for asylum and withholding of deportation. For the reasons discussed below, we deny the petition for review.

Yeboah first claims that the immigration judge erred in finding that he failed to present credible evidence in support of his asylum application. We have reviewed the administrative record and the immigration judge's decision, which was designated by the Board as the final agency determination, and find that substantial evidence supports the immigration judge's conclusion that Yeboah failed to establish past persecution or a well-founded fear of future persecution as necessary to qualify for relief from deportation. 8 U.S.C. § 1105a(a)(4) (1994);* 8 C.F.R. § 1208.13(b) (2003).

Next, Yeboah claims that his due process rights were violated because the transcript of his testimony omitted numerous words and phrases, which were marked "indiscernible." We find this claim to be without merit because Yeboah fails to demonstrate that he was prejudiced by the omissions. We have held that an alien must demonstrate prejudice in order to prevail on procedural due process claims. *See Rusu v. INS*, 296 F.3d 316, 324 (4th Cir. 2002); *Farrokhi v. INS*, 900 F.2d 697, 703 n.7 (4th Cir. 1990); *see also Ortiz-Salas v. INS*, 992 F.2d 105, 106 (7th Cir. 1993) (requiring alien who seeks reversal on the ground of a denial of due process that is due to an inaccurate or incomplete transcript to demonstrate that a complete and accurate transcript would have changed the outcome of the case).

---

*We note that 8 U.S.C. § 1105a(a)(4) was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-128, 110 Stat. 3009, effective April 1, 1997. Because this case was in transition at the time the IIRIRA was passed, 8 U.S.C. § 1105a(a)(4) is still applicable under the terms of the transitional rules contained in § 309(c) of the IIRIRA.

Finally, Yeboah claims that the Board erred in affirming the decision of the immigration judge without opinion, after review by a single Board member, in accordance with the procedure set out in 8 C.F.R. § 1003.1(a)(7) (2003). We have reviewed Yeboah's challenges to the Board's use of this streamlined procedure and find them to be without merit. *See Georgis v. Ashcroft*, 328 F.3d 962, 2003 WL 21150848, *3 (7th Cir. May 20, 2003); *Mendoza v. United States Attorney Gen.*, 327 F.3d 1283, 1288-89 (11th Cir. 2003); *Soadjede v. Ashcroft*, 324 F.3d 830, 832-33 (5th Cir. 2003); *Gonzalez-Oropeza v. United States Attorney Gen.*, 321 F.3d 1331, 1333-34 (11th Cir. 2003); *Albathani v. INS*, 318 F.3d 365, 375-79 (1st Cir. 2003). We further find that summary affirmance was appropriate in this case under the factors set forth in § 1003.1(a)(7).

Accordingly, we deny Yeboah's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DENIED*