*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 07a0207p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

PORFIRIO GARZA-MORENO; MARIO GARZA-GARCIA,
　　　　　　　　　　　*Petitioners,*

　　　*v.*

ALBERTO GONZALES, Attorney General,
　　　　　　　　　　　*Respondent.*

Nos. 06-3562/4024

>

On Petition for Review of an Order
of the Board of Immigration Appeals.
Nos. A79 336 275; A79 336 276.

Submitted:  May 30, 2007

Decided and Filed:  June 5, 2007

Before:  ROGERS and COOK, Circuit Judges; and DOWD, District Judge.[*]

---

**COUNSEL**

**ON BRIEF:**  Maris J. Liss, GEORGE P. MANN & ASSOCIATES, Farmington Hills, Michigan, for Petitioners.  Terri Leon-Benner, Emily Anne Radford, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

**OPINION**

---

COOK, Circuit Judge.  Porfirio Garza-Moreno and his son Mario Garza-Garcia petition this court to review the Board of Immigration Appeals' (BIA) order to have them removed from the United States.  We dismiss the petition in part and deny it in part.

I

Garza-Moreno and his family illegally entered the United States in the early 1990s.  He and his wife have since had four children, all of whom are United States citizens.  In 2001, the Immigration and Naturalization Service (INS) ordered Petitioners to appear on charges of being subject to removal pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), which governs aliens who have entered the United States illegally.  Petitioners conceded that they were subject to removal, but filed

---

[*]The Honorable David Dudley Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

applications for cancellation of removal. The immigration judge (IJ) denied those applications based on the four-part test enunciated in 8 U.S.C. § 1229b(b)(1). Petitioners appealed that decision to the BIA, where they added due process claims and requested that the BIA remand the case to the IJ for administrative closure to allow Garza-Moreno's wife to obtain a visa. The Department of Homeland Security (DHS), which had replaced the INS pursuant to the Homeland Security Act of 2002, opposed administrative closure, and the BIA affirmed the IJ's decision. After the BIA denied Petitioners' motion to reconsider, they petitioned this court for review.

II

Petitioners claim that they were denied due process by various problems with the proceedings before the IJ and the BIA. We review de novo alleged due process violations in immigration proceedings. *See Mikhailevitch v. INS*, 146 F.3d 384, 391 (6th Cir. 1998). An alien must establish both "error and substantial prejudice" to "prevail on a due process challenge to deportation proceedings." *Gishta v. Gonzales*, 404 F.3d 972, 979 (6th Cir. 2005) (quotation omitted). An error in the removal proceedings does not necessarily implicate the Fifth Amendment. Rather, as we have held, a defect "must have been such as might have led to a denial of justice" to trigger due process concerns. *Huicochea-Gomez v. INS*, 237 F.3d 696, 699 (6th Cir. 2001) (quotation omitted); *accord Vasha v. Gonzales*, 410 F.3d 863, 872 (6th Cir. 2005).

Petitioners identify three specific problems with the proceedings below. First, they claim that they received unsigned and unedited copies of the IJ's order. While sending Petitioners an unsigned order may have been a technical defect, we fail to see how it "denied them justice." Second, Petitioners claim that the videoconferencing equipment used for the hearing before the IJ was unreliable. Petitioners attempt to establish this claim by pointing us to the IJ's concern that she was speaking too loudly. Their counsel, however, immediately responded, "I think you sound just fine." Petitioners have failed to establish that the equipment was actually defective, let alone that it was constitutionally defective.

Third, Petitioners claim that the agency's failure to provide them with an accurate transcript violated the Fifth Amendment. They point to sixty-seven "indiscernible" notations in the transcript of the hearing before the IJ. This claim gives us more pause than the other two, as we have previously noted our "concern that the government failed to meet its obligation [under 8 U.S.C. § 1229a(b)(4)(C)] to prepare a reasonably accurate and complete record of the removal hearing." *Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006); *accord Kheireddine v. Gonzales*, 427 F.3d 80, 85 (1st Cir. 2005); *Ortiz-Salas v. INS*, 992 F.2d 105, 106 (7th Cir. 1993).

While "[d]ue process demands a reasonably accurate and complete transcript to allow for meaningful appellate review," *Sterkaj*, 439 F.3d at 279, "a mere failure of transcription, by itself, does not rise to a due process violation," *Kheireddine*, 427 F.3d at 85. The petitioner has the burden to prove "prejudice [in order] to establish a due process violation in an immigration hearing." *Warner v. Ashcroft*, 381 F.3d 534, 539 (6th Cir. 2004). A petitioner furnished with "an inaccurate or incomplete transcript" must show "that a complete and accurate transcript would have changed the outcome of the case." *Ortiz-Salas*, 992 F.2d at 106; *see also Kheireddine*, 427 F.3d at 85 (requiring a petitioner to show "specific prejudice to his ability to perfect an appeal" (quotation omitted)); *Yeboah v. Ashcroft*, 68 F. App'x 483, 483-84 (4th Cir. 2003) (same). Petitioners do not point us to a single argument that the "indiscernible" notations precluded them from advancing before the BIA or this court, nor do we find any from our review of the transcript. Because they cannot show prejudice, they cannot establish a violation of the Fifth Amendment's due process guarantee.

III

Petitioners seek review of the BIA's decision to deny cancellation of removal. Section 306 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) deprived courts of jurisdiction to review decisions concerning cancellation of removal. 8 U.S.C. § 1252(a)(2)(B); *cf. Abu-Khaliel v. Gonzales*, 436 F.3d 627, 630-31 (6th Cir. 2006). We do not have jurisdiction to review this part of the petition.[1]

Petitioners also claim that the BIA abused its discretion by refusing to administratively close the case. We agree with the petitioners that we have jurisdiction to review this claim. *See Abu-Khaliel*, 436 F.3d at 633-34 (holding that this court has "jurisdiction to review the IJ's denial of a continuance"). In *Abu-Khaliel*, we held that § 1252(a)(2)(B)(ii) "only stripped this court of jurisdiction for decisions within subchapter II . . . left to the discretion of the Attorney General," leaving us with "jurisdiction to review the IJ's decision to deny a continuance for an abuse of discretion." *Id.* at 634. The decision to administratively close a case is, in this context, not distinguishable from a continuance. Following *Abu-Khaliel*, we hold that § 1252 does not strip us of jurisdiction to review the denial of an administrative closure.[2] Having jurisdiction, we review for abuse of discretion, disturbing the BIA's decision only if the refusal to administratively close the case "was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination." *Id.* (quoting *Balani v. INS*, 669 F.2d 1157, 1161 (6th Cir. 1982)).

The BIA explained that it was denying administrative closure because the DHS did not agree to it. Administrative closure is "an administrative convenience [that] allows the removal of cases from the immigration judge's calendar in certain circumstances." *Lopez-Barrios*, 20 I. & N. Dec. 203, 204 (B.I.A. 1990). The BIA clearly has established that administrative closure "should not be used if it is opposed by either party to the proceedings." *Id.*; *see also, e.g.*, *Gutierrez-Lopez*, 21 I. & N. Dec. 479, 480 (B.I.A. 1996) ("A case may not be administratively closed if opposed by either of the parties."). The BIA faithfully applied its own precedents in coming to a reasoned decision. Petitioners have not argued, nor do we see, any invidious discrimination. The BIA did not abuse its discretion by denying administrative closure when one of the parties opposed it.

IV

We dismiss for lack of jurisdiction the part of the petition requesting review of the BIA's decision not to cancel removal. We deny the other claims raised in the petition for review.

---

[1] Petitioners cite *Babai v. INS*, 985 F.2d 252, 255 (6th Cir. 1993), to support their argument that we have jurisdiction, but IIRIRA superseded *Babai*.

[2] The government also argues that § 1252(g) deprives this court of jurisdiction to review decisions to administratively close a case. The Supreme Court has, however, read § 1252(g) narrowly. *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (explaining that scheduling issues are not covered by § 1252(g)). Moreover, holding that jurisdiction to review administrative closure is barred by § 1252(g) would create an unnecessary and undesirable tension with our previous holding in *Abu-Khaliel*.