NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0156n.06
Filed: February 23, 2009

No. 07-3607

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FROK PERGJONI,

      Petitioner,

v.

ERIC H. HOLDER, Jr., United States
Attorney General,

      Respondent.

On appeal from the Board
of Immigration Appeals

                              /

BEFORE:    RYAN, SILER, and GRIFFIN, Circuit Judges.

      RYAN, Circuit Judge.     The petitioner, Frok Pergjoni, appeals an order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ) denial of Pergjoni's claim for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Because we find that substantial evidence supports the IJ's decision, we deny Pergjoni's petition for review.

**I.**

      Pergjoni, a native Albanian, arrived in Puerto Rico on April 17, 2002. The Immigration and Naturalization Service (INS) detained Pergjoni and served him with a notice to appear, charging him with, inter alia, inadmissibility as an arriving alien not in possession of a valid entry document, in violation of 8 U.S.C. § 1182(a)(7)(A)(i)(I). On May 22, 2002, Pergjoni's attorney, Andrea Ferrara, filed an application for asylum and withholding of removal on Pergjoni's behalf. On April 25, 2004, attorney Sam Gjoni filed

a motion on Pergjoni's behalf to change venue from Michigan to New York, where he represented Pergjoni's family members similarly situated.  The IJ denied the motion because Gjoni was not Pergjoni's attorney of record.  Subsequently, Ferrara tried to withdraw as counsel, but the IJ denied her motion on procedural grounds.  Gjoni filed a second motion to change venue, which the IJ again denied because, at the time, Gjoni was still not the attorney of record, and no good cause existed to warrant the change.

On June 28, 2005, Gjoni filed a notice of appearance as Pergjoni's attorney.  On July 17, 2005, the IJ granted Ferrara's second request to withdraw as counsel, and sent a courtesy copy of the order to Gjoni, warning him that "[t]here will be no continuance" for the removal hearing scheduled for September 28, 2005, because the case had already been continued several times.  On September 26, 2005, Gjoni filed a third motion to change venue, adding a motion to consolidate Pergjoni's case with Pergjoni's family's case, and requesting a continuance.  The IJ denied the motion as untimely filed and lacking in merit.

On September 28, 2005, the IJ commenced Pergjoni's removal hearing. Gjoni failed to appear.  Pergjoni explained that Gjoni was in court somewhere else.  The IJ noted that Gjoni knew of the scheduled hearing, and that Pergjoni would have to proceed without counsel.  The IJ stated: "I will make sure you tell me everything you have to in support of your claim."  Pergjoni twice told the IJ that he understood the court interpreter.  When Pergjoni's brother Kastriat took the stand, the interpreter realized that Kastriat spoke an unfamiliar dialect.  Consequently, the IJ decided to continue the hearing in order to obtain a proper interpreter.  At that time, the IJ informed Pergjoni that he could produce more witnesses at the next hearing and could have the assistance of counsel.

On October 26, 2005, Pergjoni arrived for the continuation of his removal hearing,

without counsel.  At the conclusion of the hearing, the IJ held that Pergjoni failed to meet his burden of proving eligibility for asylum, withholding of removal, or relief under CAT because he and his witnesses were not credible.  The IJ also determined that, issues aside, Pergjoni failed to establish eligibility for asylum because he testified that he never personally experienced any persecution.  The IJ ordered that Pergjoni be removed to Albania.

On November 22, 2005, Gjoni filed a notice of appeal to the BIA, which it dismissed. Pergjoni now petitions this court for review.

**II.**

Pergjoni first argues that the IJ abused her discretion by denying his motions for continuances and change of venue.

We review procedural motions, such as the denial of a continuance or a motion for change of venue, for an abuse of discretion.  Abu-Khaliel v. Gonzales, 436 F.3d 627, 634 (6th Cir. 2006).  An abuse of discretion occurs when the IJ denies motions "'without a rational explanation, inexplicably depart[s] from established policies, or rest[s the decision] on an impermissible basis such as invidious discrimination.'"  Id. (quoting Balani v. INS, 669 F.2d 1157, 1161 (6th Cir. 1982)).

An IJ may grant a motion for continuance or change of venue for "good cause."  8 C.F.R. §§ 1003.20(b) and 1003.29.

We think the BIA correctly held that the IJ did not abuse her discretion by refusing to grant a continuance.  Gjoni had been notified on July 17, 2005, of Pergjoni's hearing date and the IJ's unwillingness to continue the hearing, but did nothing to alert the immigration court as to any conflicts until two days before the scheduled hearing.  Pergjoni fails to show

how the IJ's refusal to grant Gjoni's untimely request for a continuance on September 26 unfairly prejudiced him for his September 28 hearing.

The BIA held that the IJ did not abuse her discretion by refusing Gjoni's motion to change venue because Gjoni failed to demonstrate good cause for the change, offering only that he wished to litigate Pergjoni's and his family's cases together. The IJ determined that consolidation of the cases was not necessarily warranted or even guaranteed. The IJ had already allowed one change of venue from Puerto Rico to Michigan, and the removal proceedings had been pending for three years.

We conclude that the IJ did not abuse her discretion by determining that Pergjoni failed to show "good cause" as to why she should continue the hearing and grant the change of venue.

### III.

Pergjoni next argues that he satisfied his burden of establishing eligibility for asylum, withholding of removal, and protection under CAT, and that the IJ erred in concluding otherwise.

We review the BIA's legal determinations de novo and its factual findings for substantial evidence. Mostafa v. Ashcroft, 395 F.3d 622, 624 (6th Cir. 2005). We will uphold the findings "as long as they are supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (internal quotation marks and citations omitted). Where, as here, the BIA affirms the IJ's decision but with additional commentary, we review the IJ's decision directly while also considering the BIA's comments. Gilaj v. Gonzales, 408 F.3d 275, 283 (6th Cir. 2005). We may not reverse "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8

U.S.C. § 1252(b)(4)(B).

In order to qualify for asylum, an applicant must establish "a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion" if he were to return to his country of origin.  8 U.S.C. § 1101(a)(42)(A).  In order to establish entitlement to withholding of removal, the applicant must demonstrate the higher burden of a "clear probability of persecution." Gumbol v. INS, 815 F.2d 406, 411 (6th Cir. 1987) (internal quotation marks omitted).  To establish entitlement to relief under CAT, the applicant must prove "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal."  8 C.F.R. § 208.16(c)(2).

An applicant's credible testimony "may be sufficient to sustain the burden of proof without corroboration."  8 C.F.R. § 1208.13(a).  On the other hand, implausibilities and inconsistencies may form a basis for an adverse credibility finding. See Yu v. Ashcroft, 364 F.3d 700, 703 (6th Cir. 2004).

We think substantial evidence supports the IJ's credibility determinations, adverse to Pergjoni, which was the first reason for denying Pergjoni's application.  The transcript of the removal hearing demonstrates numerous inconsistencies in Pergjoni's testimony, enough to provide adequate support for the IJ's findings.  Pergjoni claims that the transcript was "dubious" because the government's translator was not competent, but the record shows that Pergjoni informed the IJ that he understood the translator's dialect and had no problem testifying.

The second reason given by the IJ for denying relief was that Pergjoni failed to establish the elements of a successful asylum claim.  Pergjoni failed to establish a well-

founded fear of persecution because he testified that he personally had never been persecuted. In fact, Pergjoni testified he was not involved in the political party whose activities were the basis of his asylum application. Additionally, Pergjoni could not establish a fear of future persecution because of the change in political conditions in Albania. Pergjoni simply failed to meet his burden of establishing eligibility for asylum. It follows that he cannot meet the higher burden of showing entitlement to withholding of removal and protection under CAT. Ceraj v. Mukasey, 511 F.3d 583, 594 (6th Cir. 2007).

We conclude that substantial evidence supports the IJ's denial of Pergjoni's petition.

**IV.**

Finally, Pergjoni argues that his due process rights were violated when the IJ required him to proceed in his removal hearing without the presence of counsel.

We review alleged due process violations in immigration proceedings de novo. Garza-Moreno v. Gonzales, 489 F.3d 239, 241 (6th Cir. 2007). The process to which aliens are entitled during a removal hearing is a full and fair hearing on the merits. Mapouya v. Gonzales, 487 F.3d 396, 415-16 (6th Cir. 2007). But because the proceedings are civil and not criminal in nature, aliens are not "entitled" to the presence of counsel under the Sixth Amendment. See 8 U.S.C. § 1362; Hannah v. Larche, 363 U.S. 420 (1960). An alien must establish both "error and substantial prejudice" to prevail on a due process challenge. Gishta v. Gonzales, 404 F.3d 972, 979 (6th Cir. 2005) (internal quotation marks and citation omitted). In other words, the alien must demonstrate that the purported defect "led to a denial of justice," Huicochea-Gomez v. INS, 237 F.3d 696, 699 (6th Cir. 2001) (internal quotation marks and citations omitted), and that the "prejudice materially affected the outcome of his . . . case," Mapouya, 487 F.3d at 416.

We hold that the IJ's conduct did not violate Pergjoni's due process rights. Pergjoni was never without representation. Gjoni entered an appearance as counsel of record on June 28, 2005, three months prior to the removal hearing. The IJ provided ample notice to Gjoni, and Gjoni chose not to attend either hearing.

More importantly, Pergjoni fails to argue how he was deprived of a full and fair hearing. Nowhere does Pergjoni argue how the hearing would have proceeded differently, what types of evidence may have been introduced, or how the presence of Gjoni would have changed any aspect of the hearing. Therefore, we hold that the IJ did not violate Pergjoni's due process rights.

**V.**

For the reasons stated, we **DENY** Pergjoni's petition for review.