**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4498
_____

ANDRE ANTHONY DACRES,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED
STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A042-255-866)
Immigration Judge:  Honorable Andrew R. Arthur
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 12, 2015

Before: AMBRO, VANASKIE and SLOVITER, Circuit Judges

(Opinion filed: June 16, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Andre Dacres petitions for review of the Board of Immigration Appeals' ("BIA") final order of removal. We will dismiss the petition in part and deny it in part.

I.

Dacres, a 30-year-old native and citizen of Jamaica, entered the United States as a lawful permanent resident in 1989. In 2011, a Pennsylvania state court convicted him of manufacturing, delivering, or possessing with intent to manufacture or deliver heroin, in violation of 35 Pa. Stat. Ann. § 780-113(a)(30). Dacres was sentenced to a minimum prison term of 11 months and 15 days, and a maximum prison term of 23 months.

In light of that conviction, the Department of Homeland Security charged Dacres with being removable for having been convicted of an aggravated felony, see 8 U.S.C. § 1227(a)(2)(A)(iii), and a controlled substance offense, see 8 U.S.C. § 1227(a)(2)(B)(i). Dacres, through counsel, appeared before an Immigration Judge ("IJ") and denied the charges of removability. The IJ ultimately sustained those charges and Dacres applied for withholding of removal and relief under the Convention Against Torture ("CAT"). In support of his application, Dacres alleged that he feared harm at the hands of the Shower Posse (a gang in Jamaica that, according to Dacres, was affiliated with the Jamaican government) and enemies of his father, who had been a Shower Posse member.

In March 2014, after holding a merits hearing, the IJ denied the application. The IJ concluded that Dacres's crime constituted a "particularly serious crime" under 8 U.S.C. § 1231(b)(3)(B)(ii), thereby rendering Dacres ineligible for withholding of

2

removal.  After reviewing the record evidence at length, (see A.R. at 164-69), the IJ also concluded that Dacres's CAT claim failed on the merits.

In addressing Dacres's CAT claim, the IJ explained that, while there remained significant violence and corruption in Jamaica, Dacres had failed to show that any harm he might face in Jamaica at the hands of the Shower Posse and/or his father's enemies would be "inflicted by or at the instigation of or with the consent or acquiescence of or with the willful blindness of a public official or other person acting in an official capacity." (Id. at 169.)  The IJ found, inter alia, that the Jamaican government had made reforms to address "corruption and collusion between police officers and criminals in that country." (Id. at 166.)  The IJ also highlighted the "significant efforts that the government of Jamaica exerted against [the Shower Posse] in May of 2010," id. at 169, and determined that

> any harm inflicted on [Dacres] by a corrupt police officer working at the behest of a criminal organization would be the action of an isolated rogue agent engaging in extra-judicial acts of brutality, which are not only a contravention of Jamaica's laws and policies, but are committed despite authorities' best efforts to root out such misconduct and therefore not torturous as that term is defined in the regulations o[r] case law.

(Id.)

Dacres, still represented by counsel, appealed the IJ's decision to the BIA.  In October 2014, the BIA dismissed the appeal, concluding that Dacres's various arguments lacked merit.  Among other things, the BIA rejected Dacres's challenge to the denial of

3

his CAT claim, concluding that there was no reason to disturb the IJ's determination that Dacres "did not demonstrate that it is more likely than not that he would suffer abuse amounting to torture, within the meaning of 8 C.F.R. § 1208.18, by or with the consent or acquiescence of public officials acting in their official capacity, if he were removed to Jamaica." (Id. at 5.)

Dacres, now proceeding pro se, seeks our review of the agency's decision.

## II.

We generally have jurisdiction to review final orders of removal. See 8 U.S.C. § 1252(a)(1). But where, as here, the alien is found to be removable for having been convicted of an aggravated felony and a controlled substance offense, our jurisdiction is limited to reviewing constitutional claims and questions of law. See 8 U.S.C. § 1252(a)(2)(C)-(D); Borrome v. Att'y Gen., 687 F.3d 150, 154 (3d Cir. 2012). We review such claims and questions under a de novo standard. See Mudric v. Att'y Gen., 469 F.3d 94, 97 (3d Cir. 2006).

Dacres's first claim appears to contend that the IJ's decision is inconsistent with a 2013 decision issued by the Immigration Court in Cleveland, Ohio.[1] In that case, an alien apparently was granted CAT relief based on his claim that he feared harm at the hands of the Shower Posse. Dacres attempted to rely on that case in his appeal, but the BIA

---

[1] The administrative record here contains only a news article about the Cleveland case. The article, published by the University of Chicago Law School, briefly describes the case but does not identify the name of the alien.

concluded that there was no reason to disturb the IJ's denial of CAT relief in his case.

Although a fear of the Shower Posse was at issue in both cases, Dacres has not shown (or even attempted to show) that the two cases are materially similar. If anything, it appears that the alien's CAT claim in the Cleveland case was much stronger than Dacres's claim. Whereas Dacres left Jamaica as a young child more than 25 years ago, it appears that the alien in the Cleveland case had been captured by the Shower Posse in Jamaica in 2003 and narrowly escaped being executed by that group before fleeing to the United States. Accordingly, Dacres cannot show that the agency committed legal error by not granting him relief based on the Cleveland case.

Dacres's second claim is that the IJ did not make a complete record of Dacres's merits hearing. During the hearing, the testimony of Dacres's sister was inadvertently not tape recorded. Upon realizing the error, the IJ recounted the sister's testimony on the record. Dacres's counsel stated that this recounting was "perfect" except for the issue of whether there was a conflict in the sister's testimony regarding the date of a particular event. The IJ then stated that he would give the sister the benefit of the doubt and find that there was no contradiction.

Pursuant to 8 C.F.R. § 1240.9, the hearing before the IJ "shall be recorded verbatim." Although that did not happen here, "a mere failure of transcription, by itself, does not rise to a due process violation." Garza-Moreno v. Gonzales, 489 F.3d 239, 241 (6th Cir. 2007) (quotation marks omitted); Kheireddine v. Gonzales, 427 F.3d 80, 85 (1st Cir. 2005) (same); see McLeod v. INS, 802 F.2d 89, 95 (3d Cir. 1986) (concluding that

transcription errors in the petitioner's case did not warrant relief because those errors did not "come at a critical juncture in the transcript" and petitioner "had a fair review of his claims for relief from deportation"). The BIA concluded that Dacres did not show that he was prejudiced by the transcription error, and he has done nothing to call that conclusion into question.

Dacres next claims that he should have been granted CAT relief. To the extent that he takes issue with the agency's factual findings, that aspect of his argument is outside the scope of our review and must be dismissed. See 8 U.S.C. § 1252(a)(2)(C)-(D). On the other hand, to the extent that his argument could be construed as challenging the agency's application of law to the *undisputed* facts of his CAT claim, we have jurisdiction over that argument. See Singh v. Gonzales, 432 F.3d 533, 541 (3d Cir. 2006). Nevertheless, Dacres has not demonstrated that the BIA erred in upholding the denial of CAT relief. Contrary to his assertions, we are not persuaded that the IJ failed to consider certain evidence or "adequately implement" the willful blindness standard governing CAT claims.

Lastly, Dacres argues that the IJ erred by failing to grant his motion for a continuance that was filed about two weeks before the merits hearing. To the extent that Dacres merely challenges the IJ's discretionary decision to deny a continuance, we lack jurisdiction over that challenge. See Rachak v. Att'y Gen., 734 F.3d 214, 216-17 (3d Cir. 2013). However, to the extent that his claim could be construed as alleging that the denial of a continuance violated his due process rights, we have jurisdiction to review

6

that claim. See Hoxha v. Holder, 559 F.3d 157, 163 n.5 (3d Cir. 2009). Nevertheless, as explained below, this due process claim lacks merit.

In his appeal to the BIA, Dacres argued that the denial of a continuance prevented him from enlisting the help of an expert witness. In considering this claim, the BIA noted that Dacres "had previously requested and was granted several continuances to seek counsel and investigate his relief." (A.R. at 6.) The BIA further noted that Dacres "ha[d] not submitted an expert witness report or sufficiently explained how a report may have altered the outcome of the [IJ's] decision." (Id.) As a result, the BIA concluded that the IJ's denial of a continuance did not violate Dacres's due process rights. We find no error in the BIA's decision. See Khan v. Att'y Gen., 448 F.3d 226, 236 (3d Cir. 2006) (stating that "[d]ue process challenges to deportation proceedings require an initial showing of substantial prejudice") (alteration in original, quotation marks omitted).

In light of the above, we will dismiss Dacres's petition for review in part and deny it in part.[2]

---

[2] The Government states that Dacres was removed from the United States on January 29, 2015. At that time, Dacres had a motion for a stay of removal pending before this Court. Despite the pendency of that stay motion, the Government informed us only *after* he had been removed. It has not explained why he was removed while his stay motion was pending. Although the Government's actions in this case do not affect the disposition of Dacres's petition for review, we are nevertheless troubled by them, and we write here to stress our opposition to the removal of an alien before we have had the opportunity to consider his or her stay motion.