NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0571n.06

No. 18-3102

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| RODERICO MATIAS-CIFUENTES, | ) | **FILED** |
|  | ) | Nov 13, 2018 |
| Petitioner, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
|  | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
|  | ) | BOARD OF IMMIGRATION |
| MATTHEW G. WHITAKER, Acting | ) | APPEALS |
| Attorney General, | ) |  |
|  | ) |  |
| Respondent. | ) |  |
|  | ) |  |

BEFORE: BATCHELDER, COOK, and KETHLEDGE, Circuit Judges.

PER CURIAM. Roderico Matias-Cifuentes petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). As set forth below, we **DENY** Matias-Cifuentes's petition for review.

Matias-Cifuentes, a native and citizen of Guatemala, entered the United States without inspection, allegedly when he was eleven years old. In October 2010, when Matias-Cifuentes was eighteen years old, the Department of Homeland Security (DHS) served him with a notice to appear in removal proceedings, charging him with removability as an alien present in the United States without being admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). Matias-Cifuentes appeared before an immigration judge (IJ) and conceded removability. Matias-Cifuentes applied for asylum, withholding of removal, and CAT protection, claiming that he feared that gang members would torture or kill him if he returned to Guatemala because he had refused the gang's

order to kill a man. In July 2012, the IJ granted the parties' joint motion to administratively close the proceedings. In December 2016, after Matias-Cifuentes was arrested for operating a vehicle under the influence (OVI), the DHS filed a motion to recalendar the proceedings, which the IJ granted.

At the merits hearing, Matias-Cifuentes clarified that he sought relief based on his membership in a particular social group—his family. Matias-Cifuentes also moved to administratively close the proceedings on various grounds; the IJ denied his oral motions.

In support of his applications for relief, Matias-Cifuentes testified that MS-13 members killed his uncle Fecundo and his good friend Hugo for refusing to join the gang. Matias-Cifuentes further testified that, at the age of eleven, he was playing soccer with friends when MS-13 members approached them. Matias-Cifuentes ran, but the gang members caught him. According to Matias-Cifuentes, the gang members told him to join the gang and, when he refused, beat him and burned him with a car lighter. Matias-Cifuentes then agreed to join the gang and was taken to the gang's leader, who gave him a gun and ordered him to kill someone as part of the initiation process. Matias-Cifuentes and an older gang member went to the address given to them by the gang's leader, but when Matias-Cifuentes saw the target with a child, he refused to kill the man and ran away to his uncle Alfonso's house. Matias-Cifuentes called his mother in the United States, and she arranged for a smuggler to bring him to the United States. After Matias-Cifuentes's departure, his uncle Alfonso told him that gang members had come to the house looking for him. His uncle Alfonso died a couple weeks later; Matias-Cifuentes speculated that gang members killed his uncle, but admitted that he did not know how his uncle died. Matias-Cifuentes also testified that his older brother was deported from the United States and went missing after he returned to Guatemala. Matias-Cifuentes asserted that, if he returns to Guatemala, gang members could kill him or he could end up missing like his brother.

The IJ subsequently denied Matias-Cifuentes's applications for asylum, withholding of removal, and CAT protection and ordered his removal to Guatemala. The IJ found that Matias-Cifuentes had failed to demonstrate extraordinary circumstances to excuse his failure to file his asylum application within one year of his arrival in the United States. The IJ also found that Matias-Cifuentes was not a credible witness based on his demeanor, internal inconsistencies in his testimony, and inconsistencies between his testimony and the record evidence. According to the IJ, this adverse credibility determination was fatal to Matias-Cifuentes's claims for relief. The IJ went on to determine, in the alternative, that Matias-Cifuentes had failed to demonstrate that gang members targeted him because of his family name and that he had therefore failed to meet his burden for asylum and withholding of removal. With respect to CAT protection, the IJ found that Matias-Cifuentes had failed to show that he is more likely than not to be tortured if removed to Guatemala.

Matias-Cifuentes filed an appeal, which the BIA dismissed. First, the BIA rejected Matias-Cifuentes's argument that the IJ erred by recalendaring the proceedings after administrative closure. Next, assuming arguendo that Matias-Cifuentes had timely filed his asylum application and had presented credible testimony in support of his applications for relief, the BIA affirmed the IJ's determination that he had failed to establish a valid claim for asylum or withholding of removal because he had not demonstrated a nexus between his membership in a particular social group— his family—and the harm that he experienced and fears. The BIA also affirmed the IJ's determination that Matias-Cifuentes had failed to establish eligibility for CAT protection. Finally, the BIA rejected Matias-Cifuentes's argument that his right to due process was violated, noting that he was provided a full and fair hearing.

This timely petition for review followed. Matias-Cifuentes raises the following arguments: (1) the agency's adverse credibility determination failed to account for his young age at the time

of persecution; (2) the agency erred in declining to administratively close the removal proceedings because the DHS's reopening of the proceedings was not based on fact and law; (3) the agency erred in declining to administratively close the removal proceedings because he entered the United States as a minor and, in the alternative, refusing to hold that his asylum application was timely filed; (4) the agency erred in declining to administratively close the removal proceedings because he is married to a United States citizen; and (5) the agency failed to recognize the gang's targeted violence against him and his family as a central claim for asylum.

"Where, as here, the BIA issues its own decision rather than summarily affirming the IJ, the BIA decision is reviewed as the final agency decision, but the IJ's decision is also reviewed to the extent that the BIA adopted it." *Harmon v. Holder*, 758 F.3d 728, 732 (6th Cir. 2014). Because the BIA assumed arguendo that Matias-Cifuentes had timely filed his asylum application and had presented credible testimony, his arguments about the timeliness of his asylum application and the IJ's adverse credibility determination lack any consequence.

We review the agency's denial of Matias-Cifuentes's motions to administratively close the removal proceedings for abuse of discretion, "disturbing the BIA's decision only if the refusal to administratively close the case 'was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination.'" *Garza-Moreno v. Gonzales*, 489 F.3d 239, 242 (6th Cir. 2007) (quoting *Abu-Khaliel v. Gonzales*, 436 F.3d 627, 634 (6th Cir. 2006)). Matias-Cifuentes first argued that the DHS improperly moved to recalendar the removal proceedings because an OVI conviction is not a basis for removal. Matias-Cifuentes's OVI conviction is not the basis for his removal; as he conceded, he is removable as an alien present in the United States without being admitted or paroled in violation of 8 U.S.C. § 1182(a)(6)(A)(i). The order administratively closing the proceedings allowed the proceedings to "be recalendared at any time upon either party's motion." The DHS moved to

recalendar the proceedings after Matias-Cifuentes's arrest, and the IJ properly granted the DHS's unopposed motion. Matias-Cifuentes also sought administrative closure on the basis that he was an unaccompanied minor when he entered the United States. As the DHS pointed out, Matias-Cifuentes was never designated as an unaccompanied minor, and he was over the age of eighteen when he was served with the notice to appear and filed his asylum application. *See Harmon*, 758 F.3d at 734-35. Finally, Matias-Cifuentes moved for administrative closure on the basis of his recent marriage to a United States citizen, but acknowledged that an I-130 petition for alien relative had not been filed. Based on the administrative record, we can discern no abuse of discretion in the BIA's decision to uphold the denial of Matias-Cifuentes's motions for administrative closure.

We review the agency's factual findings, including the determination that the alien failed to establish eligibility for asylum, for substantial evidence, *Ramaj v. Gonzales*, 466 F.3d 520, 527 (6th Cir. 2006), reversing only if "any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). "An alien who seeks asylum must establish that [he] meets the definition of a 'refugee,' which means a person who is unable or unwilling to return to [his] home country because of past persecution or a 'well-founded fear' of future persecution 'on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Bonilla-Morales v. Holder*, 607 F.3d 1132, 1136 (6th Cir. 2010) (quoting 8 U.S.C. § 1101(a)(42)). In support of his asylum claim, Matias-Cifuentes asserted that he suffered past persecution and has a well-founded fear of future persecution in Guatemala on account of his membership in a particular social group—his family. The BIA assumed for argument's sake that Matias-Cifuentes's family constituted a particular social group under the Immigration and Nationality Act, *see Al-Ghorbani v. Holder*, 585 F.3d 980, 995 (6th Cir. 2009), but agreed with the IJ that Matias-Cifuentes had failed to establish that he was targeted by the MS-13 "on account

of" his family. Matias-Cifuentes conceded at the merits hearing that his family name has no particular significance to the MS-13. As the BIA observed, the record reflected that the gang members targeted Matias-Cifuentes and his friends as potential recruits. "[F]orced recruitment alone does not establish the nexus of persecution 'on account of' a protected statutory ground." *Zaldana Menijar v. Lynch*, 812 F.3d 491, 500 (6th Cir. 2015). Substantial evidence supports the BIA's conclusion that Matias-Cifuentes had failed to establish a nexus between his familial status and any harm.

Because Matias-Cifuentes failed to establish his eligibility for asylum, he necessarily failed to "satisfy the more onerous burden for withholding of removal." *Kukalo v. Holder*, 744 F.3d 395, 402 (6th Cir. 2011) (quoting *Kaba v. Mukasey*, 546 F.3d 741, 751 (6th Cir. 2008)). Matias-Cifuentes has also forfeited his claim for CAT protection by failing to raise that claim on appeal. *See Shkabari v. Gonzales*, 427 F.3d 324, 327 n.1 (6th Cir. 2005).

For these reasons, we **DENY** Matias-Cifuentes's petition for review.