NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0010n.06

No. 22-3137

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jan 05, 2023
DEBORAH S. HUNT, Clerk

|   |   |   |
|---|---|---|
| ROSENDO ALVAREZ-HERNANDEZ, | ) | |
|  | ) | |
| Petitioner, | ) | |
|  | ) | |
| v. | ) | ON PETITION FOR REVIEW |
|  | ) | FROM THE UNITED STATES |
|  | ) | BOARD OF IMMIGRATION |
| MERRICK B. GARLAND, Attorney General, | ) | APPEALS |
|  | ) | |
| Respondent. | ) | |
|  | ) | |

Before: SILER, BATCHELDER, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Rosendo Alvarez-Hernandez petitions for review of the Board of Immigration Appeals' denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture. We deny his petition.

I.

Rosendo Alvarez-Hernandez, a citizen of Mexico, entered the United States illegally in 2009. The government began removal proceedings in 2013, and Alvarez-Hernandez conceded removability. Around the same time, according to Alvarez-Hernandez, the "La Familia" gang began targeting his family in Mexico. They threatened Alvarez-Hernandez's father with a gun and robbed him of 40,000 pesos; and they attacked and kidnapped his brother until their father agreed to pay a ransom. Alvarez-Hernandez thereafter filed applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT), alleging that, if he returned to Mexico, La Familia would target him next.

An immigration judge denied Alvarez-Hernandez's applications in an opinion that cited, among other things, "the legal standards contained in the standard language addendum." Alvarez-Hernandez received a copy of the IJ's decision which did not include that addendum. He then filed a "partial brief in support of appeal" with the Board of Immigration Appeals, in which he asked the Board to provide the IJ's complete decision and reset the briefing schedule. Alvarez-Hernandez also argued that the IJ's failure to provide the addendum violated due process and that the Board should reverse the IJ's decision on its merits. The Board declined to provide the legal addendum or reset the briefing schedule and issued an opinion affirming the IJ's denial of relief. This petition followed.

II.

When the Board issues its own opinion rather than simply affirming the immigration judge's decision, we review the Board's decision directly. *Umaña–Ramos v. Holder,* 724 F.3d 667, 670 (6th Cir. 2013). We review legal questions de novo and uphold the agency's factual findings "unless any reasonable adjudicator would be compelled to conclude the contrary." *Id.*

Alvarez-Hernandez argues primarily that the Board denied him due process by deciding his case without providing a complete copy of the IJ's decision. To evaluate this claim, "we ask whether there was a defect in the removal proceeding, and if so, whether [Alvarez-Hernandez] was prejudiced by the defect." *Abdallahi v. Holder*, 690 F.3d 467, 472 (6th Cir. 2012). "Due process demands a reasonably accurate and complete transcript to allow for meaningful appellate review and to allow the alien to mount a challenge to the proceedings conducted before the IJ." *Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006).

Here, the Board declined to issue the legal addendum on the ground that doing so was "not necessary." The Board should have known better than that: the government has an "obligation

under 8 U.S.C. § 1229a(b)(4)(C) to prepare a reasonably accurate and complete record of the removal hearing." *Garza-Moreno v. Gonzales*, 489 F.3d 239, 241 (6th Cir. 2007) (cleaned up). And Alvarez-Hernandez had a due-process right to review that record as he prepared his appeal. *Sterkaj*, 439 F.3d at 279. The Board's failure to provide it therefore created "a defect in the removal proceeding." *Abdallahi*, 690 F.3d at 472.

Whether the Board's mistake entitles Alvarez-Hernandez to relief depends on its prejudicial effect. *Id.* To establish prejudice, Alvarez-Hernandez must show that the incomplete record precluded him from raising an argument before the Board that "would have changed the outcome of his case." *Garza-Moreno*, 489 F.3d at 242. We therefore consider the merits of Alvarez-Hernandez's claims for relief.

To qualify for asylum, an applicant must show, among other things, that he has faced persecution in the past or has a "well-founded fear of future persecution." *Pilica v. Ashcroft*, 388 F.3d 941, 950 (6th Cir. 2004). "When an asylum claim focuses on non-governmental conduct, its fate depends on some showing that the alleged persecutors are aligned with the government or that the government is unwilling or unable to control them." *Khalili v. Holder*, 557 F.3d 429, 436 (6th Cir. 2009) (quoting *Raza v. Gonzales*, 484 F.3d 125, 129 (1st Cir. 2007)).

Here, Alvarez-Hernandez based his claims exclusively on private conduct by La Familia. As to the element of governmental control, Alvarez-Hernandez provided only his own testimony, which described his father's and brother's opinions about the Mexican police. The IJ considered that evidence, but concluded that Alvarez-Hernandez—whose family never sought police protection—had not met his burden to show that the persecution he feared was attributable in part to the Mexican government. That finding was dispositive, *Khalili*, 557 F.3d at 436; and it was fully explained in the IJ's opinion. Yet Alvarez-Hernandez failed to challenge it before the Board,

and he does not argue that the incomplete record caused his waiver. Alvarez-Hernandez therefore has not shown that a complete record "would have changed the outcome of his case." *Garza-Moreno*, 489 F.3d at 242.

Alvarez-Hernandez contends that the missing addendum would have helped him challenge the IJ's analysis as to a different element of his claim. But without a showing that the Mexican government was "unwilling or unable to control" La Familia, the law required the IJ to deny all of Alvarez-Hernandez's applications. *Khalili*, 557 F.3d at 436; *Ceraj v. Mukasey*, 511 F.3d 583, 594 (6th Cir. 2007). That means Alvarez-Hernandez's other arguments would not have made a difference before the Board. Hence they do not entitle Alvarez-Hernandez to relief. *Garza-Moreno*, 489 F.3d at 242.

Finally, Alvarez-Hernandez argues that the Board erred by affirming the denial of his applications for relief. But, as explained above, Alvarez-Hernandez waived any objection to the IJ's findings on the element of governmental control by failing to raise the issue before the Board, *Singh v. Rosen*, 984 F.3d 1142, 1155 (6th Cir. 2021); and that waiver is fatal to each of his claims. *Ceraj*, 511 F.3d at 594.

\*   \*   \*

Alvarez-Hernandez's petition is denied.