NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0993n.06

No. 11-3120

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
**Sep 07, 2012**
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| MARIA ORDONEZ-CRUZ, | **)** | |
| | **)** | |
| Petitioner, | **)** | On Appeal from the Board of |
| | **)** | Immigration Appeals |
| v. | **)** | |
| | **)** | O P I N I O N |
| ERIC H. HOLDER, Attorney General, | **)** | |
| | **)** | |
| Respondent. | **)** | |

Before: SILER and KETHLEDGE, Circuit Judges; GRAHAM, District Judge.[*]

**GRAHAM, District Judge.** Petitioner Maria Ordonez-Cruz seeks review of an order of the

Board of Immigration Appeals ("the Board") denying her application for cancellation of removal.

Ordonez-Cruz concedes that she is removable, but seeks cancellation of removal under 8 U.S.C. §

1229b(b)(1)(D) for "exceptional and extremely unusual hardship" to her U.S. Citizen children. An

immigration judge ("IJ") concluded that Orodonez-Cruz had not established extremely unusual

hardship to her children and denied her application. The Board agreed and dismissed the appeal.

Before this court, petitioner contends that the IJ and the Board failed to follow their own binding

_____

[*] The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

precedent in declining to grant her application for cancellation of removal.  Because the Board did

not unreasonably apply its own precedent, we deny Ordonez-Cruz's petition for review.

I.

Ordonez-Cruz, a citizen of Mexico, entered the United States without inspection on

September 15, 1995.  The Department of Homeland Security commenced removal proceedings

against Ordonez-Cruz as an "alien present without admission or parole" under 8 U.S.C. § 1182(a)(6).

Petitioner conceded removability, but requested cancellation of removal under 8 U.S.C. §

1229b(b)(1)(D) for "exceptional and extremely unusual hardship" to her U.S. Citizen children.

Ordonez-Cruz has four children who were ages 15, 14, 6, and 2 when the family sought

cancellation of removal before the IJ in 2009.  Ordonez-Cruz's youngest three children are United

States citizens.  The family has had no contact with Ordonez-Cruz's husband and father of the four

children since shortly after the youngest child was born, nor have they received any financial support

from him.  The four children attend school in the United States and have not known a life outside

of this country.  The two older children speak Spanish, the younger two do not.  None of the children

can read or write in Spanish.

Ordonez-Cruz has identified special factors for each of the qualifying children that she argues

demonstrate that removal would impose a special hardship.  The 14-year-old has struggled in school

and is "a little behind."  The 6-year-old has speech problems and is on a waiting list at a Cincinnati

children's hospital for further evaluation and treatment.  The record does not reveal the precise

nature of the child's problem, except that he has trouble producing certain speech sounds.  The

youngest child has been hospitalized twice for pneumonia; the record does not suggest that pneumonia presents a special risk for her, should Ordonez-Cruz be removed to Mexico.

At the time of the hearing before the immigration judge the family lived in a condominium that Ordonez-Cruz owned. She purchased the home for $71,000 with a $5000 down payment; she estimated its value at $95,000 in December, 2009. Ordonez-Cruz estimated her income as a food preparer at a Red Lobster restaurant to average between $400 and $500 per week. This income was the sole support for herself and her four children. The only public assistance that the family had received was Medicaid-covered healthcare for the four children. At the time of the hearing she had $300 in her bank account, and no significant assets other than the condominium.

Ordonez-Cruz and her four children have relatives both in Mexico and the United States. Three of her seven siblings live in the United States without stable immigration status. The other four of Ordonez-Cruz's siblings and her parents remain in Mexico. Ordonez-Cruz's father and some of her brothers own fields in Mexico. These fields are a potential source of employment for petitioner if removed to Mexico, but she estimated that she would not make more than $9.00 per day. At this income level, Ordonez-Cruz testified that she could not afford adequate housing or reasonable education for her children. She testified that her family could stay with her parents "for a few days," but not permanently.

## II.

The IJ denied Ordonez-Cruz's application for cancellation of removal, concluding that she had failed to establish extremely unusual hardship to her children. In particular, the IJ relied on findings that Ordonez-Cruz has family in Mexico and that she has approximately $29,000 in equity

in her condominium, an asset that could help the family transition to life in Mexico. The Board affirmed the IJ and dismissed Ordonez-Cruz's appeal. Regarding the immigration judge's reliance on equity in her condominium, Ordonez-Cruz claims that the Board "seemed to agree with Petitioner that such [a] finding was speculative." However, the Board specifically stated that "we find no error in the Immigration Judge's consideration . . . of whether or not the respondent may have net equity in her condominium."

On petition for review of the denial of her application, Ordonez-Cruz argues that in denying discretionary cancellation of removal, the IJ and the Board disregarded its own binding precedent in *In re. Gonzalez Recinas*, 23 I.&N. Dec. 467 (BIA 2002).

III.

The Board has jurisdiction to review the decision of the immigration judge under 8 C.F.R. § 1003.1(b)(3). Our jurisdiction arises under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(a)(1). The petition for review was timely.

The respondent strenuously argues that this court does not have jurisdiction to review denials of cancellation of removal, which lie under the discretionary authority of the Board. Respondent is correct that 8 U.S.C. § 1252(a)(2)(B)(i) explicitly denies this court jurisdiction over discretionary relief such as the cancellation of removal. *See Garza-Moreno v. Gonzales*, 489 F.3d 239, 242 (6th Cir. 2007). However, as this court made clear in *Aburto-Rocha v. Mukasey*, "the choice by the BIA to disregard its own binding precedent–even when deciding an issue that *is* within its discretion–is *not itself* a discretionary decision Congress has excluded from review." 535 F.3d 500, 503 (6th Cir. 2008) (citing *Billeke-Tolosa v. Ashcroft*, 385 F.3d 708, 711-12 (6th Cir. 2004)). Here, Ordonez-Cruz

asserts that the IJ and the Board have declined to follow their own binding precedent, an act that lies beyond their discretion. *See* 8 C.F.R. 1003.1(g); *see also Aburto-Rocha*, 535 F.3d at 503. We have jurisdiction to review this non-discretionary act. *Aburto-Rocha*, 535 F.3d at 503.

## IV.

"Where the Board affirms the IJ's ruling but adds its own comments, we review both the IJ's decision and the Board's additional remarks." *Karimijanaki v. Holder*, 579 F.3d 710, 714 (6th Cir. 2009) (citing *Gilaj v. Gonzales*, 408 F.3d 275, 283 (6th Cir. 2005)). We review the legal issue of whether the Board disregarded its own precedent *de novo*, granting "considerable deference" to "[a]n agency's interpretation of its own precedents . . . ." *Aburto-Rocha*, 535 F.3d at 503.

## V.

Ordonez-Cruz's sole argument is that the IJ and the Board failed to follow binding precedent established in *Matter of Recinas*. Ordonez-Cruz argues that the facts relevant to her application for cancellation of removal are "nearly identical" to the facts in *Recinas*. The facts relevant to the two cases are, indeed, similar. The petitioner in *Recinas*, like Ordonez-Cruz, was a single mother with both citizen and non-citizen children. 23 I.&N. Dec. at 467. She did not receive support from the father of her children. *Id.* at 470. Like Ordonez-Cruz, she had minimal income, $400-$500 per month (compared to Ordonez-Cruz's estimated income of $400-$500 per week). *Id.* The petitioner in *Recinas* also had a single asset that might have eased her family's transition to Mexico–a car estimated to be worth $4,600. *Id.* Like Ordonez-Cruz's children, the citizen children in *Recinas* anticipated a difficult transition to life in Mexico. The youngest children had difficulty speaking in Spanish, and none of the children could read or write in Spanish. *Id.*

In these ways Ordonez-Cruz's circumstances are similar to those of the petitioner in *Recinas*, but they are not identical. Ordonez-Cruz identifies one relevant hardship that was not present in *Recinas*, that her six-year-old son has a speech impediment and is on a waiting list for evaluation and treatment at a Cincinnati hospital. Though the *Recinas* petitioner's children had no special medical hardships, they demonstrated other factors suggesting special hardship that Ordonez-Cruz does not. For example, in *Recinas*, the petitioner's entire family lived in the United States, including five siblings who were U.S. citizens, and her parents who were lawful permanent residents. *Id.* at 469. She had no family in Mexico and no prospects for employment. *Id.* Ordonez-Cruz, on the other hand, has family both in the United States and in Mexico. In the United States, she has three siblings, none of whom has stable immigration status. Her parents, and four other siblings remain in Mexico. Her father and brothers own fields in which she might find work.

Petitioner claims that her application for cancellation of removal is so similar to the application considered in *Recinas* that the Board must reach the same outcome. This is not the case. The Board is clear that *Recinas* represents "the outer limit of the narrow spectrum of cases in which the exceptional and extremely unusual hardship standard will be met." *Id.* at 470. In other words, if the hardship to be faced by Ordonez-Cruz's children is in any way less extreme than the circumstances in *Recinas*, the precedent established in that case does not require that the Board grant Ordonez-Cruz's application, but suggests its denial. Further, the Board in *Recinas* gave special emphasis to the fact that the petitioner had no family in Mexico to assist her with the transition. "The respondent's ability to provide for the needs of her family will be severely hampered by the fact that she does not have any family in Mexico who can help care for her six children." *Id.* at 471. This

is not the case for Ordonez-Cruz–her parents and four of her siblings are in Mexico, and they can help her with both short-term housing and employment opportunities. This significant difference between this case and *Recinas* undercuts petitioner's argument.

Finally, Ordonez-Cruz's evidence of an additional hardship, her son's speech impediment, does not compel a different outcome. Petitioner's sole argument is that her case is so similar to *Recinas* that her application for cancellation of removal, too, must be granted. But a fact not present in *Recinas* logically cannot lead to the conclusion that the Board is required by *Recinas* to grant Ordonez-Cruz's application. Petitioner's application presents a different situation from *Recinas*, one that is different enough in a key way (presence of family in Mexico) that it is a reasonable exercise of discretion for the Board to conclude that Ordonez-Cruz did not demonstrate exceptional and extremely unusual hardship, but that the petitioner in *Recinas* did.

VI.

Accordingly, we deny the petition for review.