NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0345n.06

No. 20-4005

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| MIGUEL ANGEL RAMIREZ-GARCIA, | ) | **FILED**<br>Jul 16, 2021<br>DEBORAH S. HUNT, Clerk |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW OF |
| v. | ) | THE DECISION OF THE UNITED |
| | ) | STATES BOARD OF |
| | ) | IMMIGRATION APPEALS |
| MERRICK B. GARLAND, Attorney General, | ) | |
| Respondent. | ) | OPINION |
| | ) | |

Before: SILER, MOORE, and DONALD, Circuit Judges.

SILER, Circuit Judge. Petitioner Miguel Angel Ramirez-Garcia (Ramirez) petitions for review of the Board of Immigration Appeals' (BIA) and Immigration Judge's (IJ) decisions denying his application for cancellation of removal from the United States. Agreeing with the BIA's conclusion that Ramirez did not establish the requisite "exceptional and extremely unusual hardship" to his children resulting from his removal to afford cancellation of his removal, we deny his petition.

After conceding his removability from the United States on the grounds charged in his Notice to Appear, Ramirez sought cancellation of that removal. "The cancellation-of-removal statute allows the Attorney General to cancel the removal of an immigrant if the immigrant satisfies four eligibility requirements[,]" only one of which is at issue here: Ramirez must establish "that removal would result in exceptional and extremely unusual hardship to [his] . . . child[ren] . . . ." *Singh v. Rosen*, 984 F.3d 1142, 1147 (6th Cir. 2021) (citing 8 U.S.C. § 1229b(b)(1)). Both the IJ and the BIA concluded that Ramirez failed to satisfy this necessary element, the BIA having

essentially adopting the conclusion and rationale of the IJ. *See Zhao v. Holder*, 569 F.3d 238, 246 (6th Cir. 2009) ("When the BIA adopts the IJ's reasoning and supplements the IJ's opinion, that opinion, as supplemented by the BIA, becomes the basis for review. . . . The Court of Appeals 'directly reviews the decision of the IJ while considering the additional comment made by the BIA.'" (citations omitted)).

Ramirez and his spouse together have three children born in the United States ages fourteen, eleven, and eight (at the time of the June 1, 2017 hearing before the IJ). Ramirez, a native of Mexico, admitted that, if he is removed from the United States to Mexico, his spouse and children would accompany him. Acknowledging that there would obviously be "some hardship" on the children in such a scenario, the IJ found that Ramirez failed to show "exceptional and extremely unusual hardship." The IJ first noted that the children have no medical problems and "do fairly well in school, but they do not have a compelling special need in school." The IJ also noted that the children "are able to speak and understand Spanish, while they read and write English." The BIA adopted the decision of the IJ, noting that the "children are currently healthy[,] . . . do not have any chronic, serious medical issues[,] . . . [and] do not have any special needs in school[.]" Similarly acknowledging that the "children will likely experience emotional adjustments and financial hardship[,]" the BIA nonetheless noted that "this case is not substantially beyond that which would ordinarily be faced by qualifying relatives accompanying an alien who is removed[.]"

After "look[ing] at the substance of [Ramirez]'s claim, [and] not the name [he] places on it[,]" *Singh*, 984 F.3d at 1149 (emphasis omitted), Ramirez's sole contention is that the BIA and IJ should have found the hardship requirement satisfied here. "[W]e have jurisdiction to review the Board's hardship conclusion. But our review of the conclusion likely should be deferential. And we still cannot review any of the factual findings underlying it. The nature of this mixed

question likely signals deference to the Board." *Id*. at 1154 (citation omitted). As in *Singh* and in decisions by this court since *Singh*, because Ramirez's contention fails under any standard of review, we need not decide at this time on the particular amount of deference given to the Board. *See id.* ("Ultimately, we need not choose the proper standard of review in this case. No matter the standard, the Board correctly held that Singh failed to establish the required 'exceptional and extremely unusual hardship' to his family." (citation omitted)); *see also, e.g., Rodriguez-Salas v. Garland*, __F. App'x __, 2021 WL 1564453, at *3 (6th Cir. Apr. 21, 2021) ("*Singh* left unanswered the question of what standard of review should govern such mixed questions of law and fact. We likewise leave that question for another day both because the briefing here preceded our decision in *Singh* and because it could not affect the result. That is, whether reviewed for clear error or for substantial evidence, [the noncitizen] has not shown the BIA erred in its application of the hardship standard to the settled facts presented in this case." (citation omitted)).

Notably, Ramirez does not dispute the legal standard applicable to his hardship evaluation argument, evidenced by his recitation of the same legal standard governing the hardship determination that has been recited by this court.

Although Ramirez raises many arguments in his brief, only a few have been properly preserved and argued. *See Shafo v. Wilkinson*, 844 F. App'x 791, 794 (6th Cir. 2021) ("[W]e cannot consider [the noncitizen]'s aggregation argument because she failed to raise it with the Board. We 'may review a final order of removal only if' a[ noncitizen] 'has exhausted all administrative remedies available to the [noncitizen] as of right[.]' We have interpreted th[e] exhaustion statute to compel [noncitizen]s to raise with the Board 'the specific issue' that they seek to assert in court. And here, the government correctly invokes the statute because [the noncitizen] failed to allege that the immigration judge had committed an aggregation error in either her notice of appeal or brief with the Board." (citations omitted)); *Al-Najar v. Mukasey*, 515 F.3d

708, 717 (6th Cir. 2008) ("[The noncitizen's] argument is made without citation to either the record or to any case law and is therefore waived." (citation omitted)).

The first of these properly preserved arguments is that the IJ and BIA failed to consider the medical hardships the children would endure from the removal. At this stage of the case, Ramirez focuses on his eleven-year-old's intestinal surgery that she had when she was less than two-years-old as the basis for his medical hardship argument. As the IJ correctly noted, however, "[Ramirez] testified that [his eleven-year-old] has not had any further problems and does not go to follow-up appointments at this time." Indeed, none of the children has any active medical issues. Ramirez essentially admits this, and his only argument here is that the *possibility* of further intestinal issues on the part of his eleven-year-old warrants consideration. However, he has failed to support such speculation with any evidence. *See Pereida v. Wilkinson*, 141 S. Ct. 754, 761 (2021) (recognizing that the noncitizen bears the burden of proof in a cancellation of removal case). Ramirez has also failed to support his assertion that his eleven-year-old would not be able to receive the care she may need in Mexico. In sum, Ramirez has provided no reason to believe that any of his children currently suffers from any medical issues, or such issues that could not be addressed in Mexico. At best, he simply points out the emotional, physical, and psychological toll upon all children uprooted from the only life they have known. *See Lopez-Soto v. Garland*, __F. App'x __, 2021 WL 1550834, at *6 (6th Cir. Apr. 20, 2021) ("Without question, [the noncitizen]'s sons would suffer hardships if forced to establish residence in Mexico after leaving the only country and culture they have known. Those hardships, however, are not 'substantially different from, or beyond, that which would normally be expected.'" (citation omitted)).

Second, Ramirez argues that his children will suffer a general assimilation, cultural, and educational shock upon being uprooted from their established lives and American education. But the articulated hardships here are not "substantially different from, or beyond, that which would

normally be expected." *Id.* (citation and quotation marks omitted). And the record reveals that Ramirez has seemingly exaggerated the language barrier that his children would purportedly face. In fact, he testified that the children's Spanish is "[g]ood[,]" and his spouse testified that the children "speak Spanish[,]" have "been properly educated in Spanish[,]" and can read and write Spanish "just a little[.]" Ramirez "[has] not show[n] that his 'children would be deprived of all schooling or of an opportunity to obtain any education.'" *Singh*, 984 F.3d at 1155 (citation omitted).

Third, to the extent that Ramirez has validly preserved arguing economic hardship, he has worked in the fields of Mexico before and admits that he would do so again if removed. When asked whether he thought he could support his children working in the fields, Ramirez testified only, "Well, considering the economy right now it would be pretty hard[,]" not that he would be unable to find work. *See Rodriguez-Salas*, 2021 WL 1564453, at *2 (noting that the noncitizen "had not shown that he would be *unable* to work in Mexico given his prior work experience in construction and farming" in rejecting noncitizen's hardship argument) (emphasis added). And in that vein, a "lower standard of living . . . is generally 'insufficient in [itself] to support a finding of exceptional and extremely unusual hardship.'" *Galicia Del Valle v. Holder*, 343 F. App'x 45, 53 (6th Cir. 2009) (citation omitted). Additionally, Ramirez apparently maintains a relationship with his parents and two siblings who live in Mexico. *Cf. Ordonez-Cruz v. Holder*, 499 F. App'x 528, 531 (6th Cir. 2012) (noting "[the noncitizen's] parents and four of her siblings are in Mexico, and they can help her with both short-term housing and employment opportunities" when rejecting noncitizen's argument that she would suffer economic hardship sufficient to satisfy § 1229b(b)(1)(D)).

Ramirez's attempt to compare the circumstances of his case to *In re Gonzalez Recinas*, 23 I. & N. Dec. 467 (B.I.A. 2002), falls short. The BIA in *Recinas* made clear the facts that it

found distinguished that case as one where hardship was established, facts not present in the case at hand: "We emphasize that the respondent is a single parent who is solely responsible for the care of six children and who has no family to return to in Mexico. These are critical factors that distinguish her case from many other cancellation of removal claims." *Id*. at 471. Ramirez admits that his spouse is actively involved in their children's lives, and he has parents and two siblings in Mexico.

Finally, Ramirez continuously asserts that the BIA and IJ failed to consider the aggregate effect of his asserted hardships, which, when aggregated, purportedly rise to the necessary level of hardship for cancellation of removal. But out of all the hardships he has identified, he has failed to identify even one that would not also fall upon "many families moving to another country[,]" and thus the totality of the hardships he has identified do not amount to "exceptional and extremely unusual hardship." *See Lopez-Soto*, 2021 WL 1550834, at *6; *Araujo-Padilla v. Garland*, No. 20-3571, 2021 WL 1192513, at *3–4 (6th Cir. Mar. 30, 2021) (finding that noncitizen could not satisfy hardship standard despite raising the general hardships of financial difficulty, emotional difficulty, severely diminished educational opportunities, and lack of lawful immigration options). Ramirez's attempt to "repackage[] his challenge to the BIA's ultimate hardship determination in the guise of a constitutional claim" fails, in addition to having never been raised to the BIA. *See Araujo-Padilla*, 2021 WL 1192513, at *5 ("Even assuming the Due Process Clause applies in a cancellation-of-removal proceeding, this court and others have repeatedly rejected attempts like Araujo's to 'recast mere disagreement with the BIA's decision as a procedural due process violation[.]'" (citations omitted)); *see also Singh*, 984 F.3d at 1156 ("[W]e have repeatedly held that a failure to raise a correctable due-process claim with the Board precludes our review." (citations omitted)).

**PETITION DENIED.**