NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0485n.06

No. 22-3067

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Nov 30, 2022
DEBORAH S. HUNT, Clerk

GABINO OSORIO MEDINA,

     Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)

ON PETITION FOR REVIEW OF
AN ORDER OF THE BOARD OF
IMMIGRATION APPEALS

OPINION

Before: MOORE, GIBBONS, and LARSEN, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Petitioner Gabino Osorio Medina seeks review of a final order from the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ's") decision that Osorio Medina was barred from withholding of removal under both the Immigration and Nationality Act ("INA") and the Convention Against Torture ("CAT") and denying his application for deferral of removal under the CAT. Osorio Medina asserts that the BIA denied him due process by (1) denying his second motion for a briefing extension; and (2) failing to adjudicate his motion to compel the Department of Homeland Security ("DHS") to produce mental-health records. For the reasons that follow, we **DENY** the petition for review.

## I. BACKGROUND

Osorio Medina is a native and citizen of Mexico. Administrative Record (A.R.) at 266 (Appl. for Asylum & Withholding of Removal). Osorio Medina moved to Houston, Texas, in the early 1970s with his parents and grandparents when he was approximately five years old. A.R. at

101–02 (Hr'g Tr. at 36–37). He entered the United States as a legal permanent resident. A.R. at 102 (Hr'g Tr. at 37). In 1994, Osorio Medina was convicted of aggravated assault in Harris County, Texas, and was sentenced to ten years' incarceration. A.R. at 171 (J. at 1). After his release, Osorio Medina married a U.S. citizen, and they had a child, who is also a U.S. citizen. A.R. at 424 (Marriage License); A.R. at 426 (Birth Certificate); A.R. at 472 (Reasonable Fear Worksheet at 3). In 2008, an IJ entered an order of removal against him, and he was subsequently removed to Mexico. A.R. at 289 (Order of IJ at 1); A.R. at 484 (Notice of Intent/Decision to Reinstate Prior Order). He remained in Mexico for four to six months before returning to the United States because he feared the violence in Mexico. A.R. at 124, 131 (Hr'g Tr. at 59, 66).

In 2013, Osorio Medina pleaded guilty to aggravated assault with a deadly weapon in Harris County, Texas, and was sentenced to five years' incarceration. A.R. at 168 (J. at 1). After serving his sentence, Osorio Medina was taken into Immigration and Customs Enforcement ("ICE") custody. A.R. at 113 (Hr'g Tr. at 48). He pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326 and was sentenced to 71 months' imprisonment. A.R. at 176, 178 (J. at 1, 3). At that time, DHS gave Osorio Medina notice of its intent to reinstate the prior order of removal entered against him in 2008. A.R. at 484 (Notice of Intent/Decision to Reinstate Prior Order). Osorio Medina expressed a fear of persecution or torture were he to be returned to Mexico, and an asylum officer found his fear to be credible, at which point the matter was referred to an IJ for withholding-only proceedings. A.R. at 465 (Notice of Referral to IJ at 1).

On July 9, 2021, the IJ held a merits hearing on Osorio Medina's applications for withholding of removal under INA § 241(b)(3) and under the CAT, as well as deferral of removal under the CAT. A.R. at 51 (IJ Order at 1). The IJ found Osorio Medina's testimony to be credible

but determined that his applications for withholding under both the INA and the CAT were barred pursuant to INA § 241(b)(3)(B)(ii) and 8 C.F.R. § 1208.16(d)(2) because his 2013 aggravated assault with a deadly weapon conviction constituted a particularly serious crime. A.R. at 55–58 (IJ Order at 5–8). The IJ denied his application for deferral of removal, finding that he had "failed to demonstrate that it is more likely than not that he would be tortured by, or with the acquiescence of, Mexican government officials acting under color of law." A.R. at 59 (IJ Order at 9).

Osorio Medina appealed the IJ's order to the BIA. On September 15, 2021, Osorio Medina moved pro se for an extension of time to file his brief, which was originally due on September 22, 2021. A.R. at 32 (Mot. to Extend Time). The BIA granted his request, but warned that "the Board generally does not grant more than one extension per case" and that therefore "the parties should assume no further extensions will be granted." A.R. at 12 (Notice of Grant of Briefing Extension Request). Osorio Medina subsequently retained counsel, who filed a second briefing extension request on October 13, 2021, the same day that Osorio Medina's brief was due. A.R. at 27, 29 (2d Briefing Extension Request at 2, 4). The motion stated that counsel "immediately became concerned about [Osorio Medina's] mental health" after meeting with him. A.R. at 27 (2d Briefing Extension Request at 2). The BIA denied this request on the grounds that it was untimely and that it was a second request that did not show "extraordinary circumstances as to why a further extension should be granted." A.R. at 5 (Notice of Denial of Briefing Extension Request). Osorio Medina also moved to compel DHS to produce any relevant evidence of his mental competency in its possession. A.R. at 8 (Mot. to Require DHS Production at 2). The BIA affirmed and adopted the IJ's decision on all grounds. A.R. at 3 (BIA Op. at 1). In its opinion, the BIA also responded to Osorio Medina's motion to compel, stating that he "participated as a witness in his proceedings

and was responsive to questioning" and that he had provided "[n]o evidence of mental health issues impacting his ability to understand and participate in the proceedings." A.R. at 4 (BIA Op. at 2). Osorio Medina filed a timely petition for review in this court.

## II. ANALYSIS

"[W]e review the BIA's decision as the final agency determination." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). To the extent that the BIA adopted the IJ's reasoning, we also review the IJ's decision. *Id.* "We review de novo alleged due process violations in immigration proceedings." *Garza-Moreno v. Gonzales*, 489 F.3d 239, 241 (6th Cir. 2007). In order to prevail on a due-process challenge, a petitioner "must establish both 'error and substantial prejudice.'" *Id.* (quoting *Gishta v. Gonzales*, 404 F.3d 972, 979 (6th Cir. 2005)). We give "substantial deference" to "the BIA's interpretation of the INA and accompanying regulations," which "will be upheld unless the interpretation is 'arbitrary, capricious, or manifestly contrary to the statute.'" *Khalili*, 557 F.3d at 435 (quoting *Morgan v. Keisler*, 507 F.3d 1053, 1057 (6th Cir. 2007)).

First, Osorio Medina claims that the BIA denied him due process by denying his second motion for a briefing extension. Federal regulations in effect at the time of Osorio Medina's BIA appeal provide that, "[the BIA], upon written motion and *a maximum of one time per case*, may extend the period for filing a brief . . . for good cause shown. If an extension is granted, it is granted to both parties, and neither party may request a further extension." 8 C.F.R. § 1003.3(c)(1) (2021) (emphasis added). The BIA practice manual further explains that, if an immigrant is detained, it is BIA policy "*not* to grant second briefing extension requests," which are "granted only in rare circumstances." BIA Practice Manual § 4.7(c)(i)(B) (Oct. 5, 2020). The manual, moreover, states that "[e]xtension requests must be received by the [BIA] by the brief's *original*

4

due date; however, requests filed the same day as a brief is due are particularly disfavored and granted only in the most compelling of circumstances." *Id.* § 4.7(c)(ii) (emphasis added).

In denying Osorio Medina's request, the BIA acted in compliance with federal regulations and its own guidelines. Because Osorio Medina had already requested one briefing extension, federal regulations plainly foreclosed the BIA from granting a second extension. And under the BIA's guidelines, Osorio Medina's second request was untimely, because it was filed on October 13, 2021, weeks after the original due date of September 22, 2021. Even if we set aside the plain language of the BIA manual regarding timeliness, Osorio Medina would have had to show "the most compelling of circumstances" for the BIA to grant an extension. *Id.* § 4.7(c)(ii). We cannot say that he did.

Although Osorio Medina's counsel expressed concern for his mental health, mental illness is relevant in immigration proceedings insofar as it rises to the level of incompetency and impedes "traditional standards of fundamental fairness." *Matter of M-A-M-*, 25 I. & N. Dec. 474, 479 (BIA 2011); *see also id.* at 480 (noting that "there are many types of mental illness that, even though serious, would not prevent a respondent from meaningfully participating in immigration proceedings" and that therefore "a diagnosis of mental illness does not automatically equate to a lack of competency"). As the BIA recognized, and our own review of the transcript of proceedings before the IJ confirms, Osorio Medina participated fully as a witness, responded thoughtfully and credibly to the IJ's questions, and reviewed exhibits. A.R. at 4 (BIA Op. at 2); A.R. at 90–157 (Hr'g Tr. at 25–92). Counsel's concerns regarding Osorio Medina's mental health therefore did not rise to the level of the most compelling of circumstances, because his mental health did not

impact his ability to participate meaningfully in his immigration proceedings, nor was he denied fundamental fairness as a result of his mental-health issues.

Next, Osorio Medina argues that the BIA denied him due process by failing to adjudicate his motion to compel DHS to produce mental-health records. The BIA's opinion, however, addressed Osorio Medina's motion to compel, determining that he "participated as a witness in his proceedings and was responsive to questioning" and that he had provided "[n]o evidence of mental health issues impacting his ability to understand and participate in the proceedings." A.R. at 4 (BIA Op. at 2). To the extent that Osorio Medina challenges the BIA's denial of his motion to compel, we cannot say that the BIA violated his due-process rights. For the reasons stated above, there is nothing to suggest that Osorio Medina's mental health impacted the fairness of his immigration proceedings, and therefore the BIA did not deny him due process by denying his motion to compel.

Osorio Medina's passing reference to *Matter of B-Z-R-*, 28 I. & N. Dec. 563 (BIA 2022), in his brief does not change our analysis. The Attorney General held in *Matter of B-Z-R-* that mental-health evidence should not be categorically disregarded in evaluating whether an individual poses a danger to the community as part of the particularly serious crime analysis. *Id.* at 566. But beyond a cursory reference to the Attorney General's decision, Osorio Medina has failed to explain why *Matter of B-Z-R-* merits a remand to the BIA in his case. In his brief, Osorio Medina does not suggest any nexus between his mental-health issues and the 2013 conviction that the IJ determined constituted a particularly serious crime. Osorio Medina presented no evidence of mental-health issues in his proceedings, nor did he indicate while testifying about the 2013 conviction that his mental health was in any way related to the offense. A.R. at 106–13 (Hr'g Tr.

at 41–48). His motions before the BIA also did not mention any such connection. A.R. at 27–28 (2d Briefing Extension Request at 2–3); A.R. at 8–9 (Mot. to Require DHS Production at 2–3). *Matter of B-Z-R-* therefore does not alter our analysis of the BIA's resolution of his motions or require a remand to the BIA. We do, however, note that the government concedes that Osorio Medina can file a motion to reopen with the BIA or an appropriate application with DHS in the event that he uncovers evidence to support a claim for U.S. citizenship, a U visa, or any other type of immigration relief or protection. Resp't Br. at 37.

Finally, the government asks us to decide whether Osorio Medina has waived any potential challenge to the BIA's determinations that (1) he was barred from withholding of removal due to his conviction for a particularly serious crime; and (2) he failed to establish a clear probability of torture by or with the acquiescence of the Mexican government. But because Osorio Medina does not appeal the BIA's decision on those grounds, we need not address these issues.

## III. CONCLUSION

For the foregoing reasons we **DENY** the petition for review.